PER CURIAM.
The only point raised in this appeal is the failure of the judgment and sentence to reflect with specificity whether defendant was adjudicated guilty of robbery under Section 812.13(2)(a), Florida Statutes, or under Section 812.13(2)(b), Florida Statutes. Although defendant was charged with robbery in violation of Section 812.13, it is asserted that there was no evidence of any deadly weapon. Section 812.13(2)(a) refers to “firearm or other deadly weapon.” Section 812.13(2)(b) refers to “weapon” only. Different penalties are provided under each section. The judgment and sentence merely makes reference to “robbery,” and the sentence imposed does not give any indication as to whether the judgment and sentence was intended to reflect a violation of Section 812.13(2)(a) or 812.13(2)(b). Accordingly, this cause is remanded to the trial court for the sole purpose of correcting the judgment and sentence to specify the applicable degree of felony. See Hickman v. State, 347 So.2d 658 (Fla. 4th DCA 1977).
MAGER, C. J., and ALDERMAN and ANSTEAD, JJ., concur.